UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

_____

JEFFREY A. NEECE,                                    C.A. NO.  19-30020
              Plaintiff,

              v.
CITY OF CHICOPEE and SHARYN
RILEY,
              Defendants.

_____

### ANSWER OF THE DEFENDANT, SHARYN RILEY, TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

#### FIRST DEFENSE

The plaintiff's amended complaint fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

The defendant, Sharyn Riley, answers the plaintiff's amended complaint, paragraph by paragraph as follows:

1.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's amended complaint.

2.      The defendant admits the allegations contained in paragraph 2 of the plaintiff's amended complaint.

3.      The defendant admits the allegations contained in paragraph 3 of the plaintiff's amended complaint.

4.      No response is required to paragraph 4 of the plaintiff's amended complaint since it contains a conclusion of law.

5.      No response is required to paragraph 5 of the plaintiff's amended complaint as it is a statement regarding jurisdiction.

6.      No response is required to paragraph 6 of the plaintiff's amended complaint as it is a statement regarding jurisdiction.  Further answering, the City of Chicopee denies the allegations contained in the plaintiff's amended complaint.

7.      No response is required to paragraph 7 of the plaintiff's amended complaint as it is a statement regarding jurisdiction.  Further answering, Sharyn Riley denies the allegations contained in the plaintiff's amended complaint.

8.      No response is required to paragraph 8 of the plaintiff's amended complaint as it is a statement regarding venue.

9.      The defendant admits the allegations contained in paragraph 9 of the plaintiff's amended complaint.  Further answering, as Superintendent of the Department of Public Works, plaintiff's employment was also governed by Chicopee Code § 80-2.

10.      The defendant neither admits nor denies the allegations contained in paragraph 10 of the plaintiff's amended complaint, but states that the contract, Exhibit A, speaks for itself.

11.      The defendant denies the allegations contained in paragraph 11 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

12.      The defendant neither admits nor denies the allegations contained in paragraph 12 of the plaintiff's amended complaint, but states that the contract, Exhibit A, speaks for itself.

13.      The defendant neither admits nor denies the allegations contained in paragraph 13 of the plaintiff's amended complaint, but states that the contract, Exhibit A, speaks for itself.

14.      The defendant neither admits nor denies the allegations contained in the first sentence of paragraph 14 of the plaintiff's amended complaint, but states that the contract, Exhibit

716181v.1

A, speaks for itself.  The defendant denies the allegations contained in the second sentence of paragraph 14 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

15.     The defendant neither admits nor denies the allegations contained in paragraph 15 of the plaintiff's amended complaint, but states that the contract, Exhibit A, speaks for itself. Further answering, the defendant states that the contract contemplates non re-appointment without cause.

16. - 47.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16 through 47 of the plaintiff's amended complaint.

48.     The defendant denies the allegations contained in paragraph 48 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

49.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 49 of the plaintiff's amended complaint.

50.     The defendant denies the allegations contained in paragraph 50 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

51.     The defendant admits the allegations contained in paragraph 51 of plaintiff's amended complaint.

52.     The defendant neither admits nor denies the allegations contained in paragraph 52 of the plaintiff's amended complaint, but states that the statute speaks for itself.

53.     The defendant denies the allegations contained in paragraph 53 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.  Further answering, the defendant states that plaintiff's contract was not renewed or extended in any way and, thus, he was not entitled to any additional monies or benefits.

54.     The defendant denies the allegations contained in paragraph 54 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.  Further answering, the defendant states that plaintiff's contract was not renewed or extended in any way and, thus, he was not entitled to any additional monies or benefits.

55.     No response is required to paragraph 55 as the ordinance and contract speak for themselves.  Further answering, the defendant states they are not applicable to the facts at issue.

56.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 56 of the plaintiff's amended complaint.

57.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of plaintiff's amended complaint.

<u>COUNT I</u>

58.     The defendant repeats and realleges its responses to paragraphs 1 through 57 of the plaintiff's amended complaint and incorporates the same by reference as if fully set forth herein.

59.     No response is required to paragraph 59 of the plaintiff's amended complaint since it contains a conclusion of law.

60.     The defendant admits the allegations contained in paragraph 60 of the plaintiff's amended complaint.  Further answering, as Superintendent of the Department of Public Works, plaintiff's employment was also governed by Chicopee Code § 80-2.

61.     The defendant neither admits nor denies the allegations contained in paragraph 61 of the plaintiff's amended complaint, but states that the contract, Exhibit A, speaks for itself.

62.     The defendant neither admits nor denies the allegations contained in paragraph 62 of the plaintiff's amended complaint, but states that the contract, Exhibit A, speaks for itself.

716181v.1

Further answering, the defendant states that the contract contemplates non re-appointment without cause.

63.     The defendant denies the allegations contained in paragraph 63 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

64.     The defendant denies the allegations contained in paragraph 64 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

65.     The defendant denies the allegations contained in paragraph 65 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

<u>COUNT II</u>

66.     The defendant repeats and realleges its responses to paragraphs 1 through 65 of the plaintiff' amended complaint and incorporates the same by reference as if fully set forth herein.

67.     No response is required to paragraph 67 of the plaintiff's amended complaint since it contains a conclusion of law.

68.     The defendant admits the allegations contained in paragraph 68 of the plaintiff's amended complaint.  Further answering, as Superintendent of the Department of Public Works, plaintiff's employment was also governed by Chicopee Code § 80-2.

69.     The defendant neither admits nor denies the allegations contained in paragraph 69 of the plaintiff's amended complaint, but states that the contract, Exhibit A, speaks for itself.

70.     The defendant neither admits nor denies the allegations contained in paragraph 70 of the plaintiff's amended complaint, but states that the contract, Exhibit A, speaks for itself. Further answering, the defendant states that the contract contemplates non re-appointment without cause.

71.     The defendant denies the allegations contained in paragraph 71 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

72.     The defendant denies the allegations contained in paragraph 72 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

73.     The defendant denies the allegations contained in paragraph 73 of the plaintiff's amended complaint and calls upon the plaintiff to prove the same.

<u>COUNT III</u>

74.     The defendant repeats and realleges its responses to paragraphs 1 through 73 of the plaintiff's amended complaint and incorporates the same by reference as if fully set forth herein.

75. – 81.  No response is required to paragraphs 75 through 81 of the plaintiff's amended complaint since the allegations pertain to the City of Chicopee.

<u>COUNT IV</u>

82.     The defendant repeats and realleges its responses to paragraphs 1 through 81 of the plaintiff's amended complaint and incorporates the same by reference as if fully set forth herein.

83. – 86.     No response is required to paragraphs 83 through 86 of the plaintiff's amended complaint since the allegations pertain to the City of Chicopee.

<u>COUNT V</u>

87.     The defendant repeats and realleges its responses to paragraphs 1 through 86 of the plaintiff's amended complaint and incorporates the same by reference as if fully set forth herein.

88. – 92.  No response is required to paragraphs 88 through 92 of the plaintiff's amended complaint since the allegations pertain to the City of Chicopee.

716181v.1

COUNT VI

93.    The defendant repeats and realleges its responses to paragraphs 1 through 92 of the plaintiff's amended complaint and incorporates the same by reference as if fully set forth herein.

94. – 98.  No response is required to paragraphs 94 through 98 of the plaintiff's amended complaint since the allegations pertain to the City of Chicopee.

THIRD DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since his contract terminated on June 30, 2018 and re-appointment was not made without cause.  (Exhibit A, Article XII)

FOURTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since the City fully paid the plaintiff all monies and benefits owed him, including severance pay, upon discontinuance of his service as required by the employment contract.  (Exhibit A, Articles V and XII)

FIFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail as he is not entitled to further wages or benefits, given that he was told in April 2018 that his contract was not being extended and he was notified on June 28, 2018 that his contract was terminated when it expired on June 30, 2018.

SIXTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since the term of his contract was limited to five years, pursuant to Section 80-2 of the Chicopee Code.

7

716181v.1

## SEVENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since he did not meet the qualifications of the position of Superintendent of the Public Works Department, pursuant to Section 80-2H of the Chicopee Code, given that he was not a registered professional engineer in Massachusetts.

## EIGHTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since he is not entitled to any damages since an award of damages would unjustly enrich him, given that he did not meet the qualifications of the position of Superintendent of the Public Works Department and given that he was paid all monies and benefits due him under the employment contract when the contract ended.  (Exhibit A, Articles V and XII)

## NINTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since he did not reasonably believe that the City engaged in an activity, policy or practice that violated a law, rule or regulation promulgated pursuant to law, given that the City did not discriminate against Nicholle Huber.

## TENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has failed to satisfy the statutory requirements and conditions precedent necessary to maintain this action.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has failed to exhaust administrative remedies prior to filing the present suit.

716181v.1

## TWELFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to recover because of his failure to mitigate damages.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has failed to bring his claims within the appropriate statutes of limitations.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has waived any right to recovery.

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is estopped from recovering in this action by way of his own conduct.

## SIXTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has been treated fairly and in good faith, and all actions taken were for lawful business reasons.

## SEVENTEENTH DEFENSE

By way of affirmative defense and without admitting that any violation took place, the defendant states that they had reasonable grounds for believing that the alleged acts or omissions were not a violation of the applicable law(s).

## EIGHTEENTH DEFENSE

By way of affirmative defense and in the event that the plaintiff is entitled to compensation, defendant states that they have not wilfully or intentionally failed to pay any such additional compensation to justify any award of treble damages or fees.

716181v.1

## NINETEENTH DEFENSE

By way of affirmative defense, the defendant states that they were justified in their conduct and acts and, therefore, the plaintiff cannot recover.

## TWENTIETH DEFENSE

By way of affirmative defense, the defendant states that their acts and conduct were performed according to and protected by law and, therefore, the plaintiff cannot recover.

## TWENTY-FIRST DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims are barred since, at all times, the defendant acted in good faith.

## TWENTY-SECOND DEFENSE

By way of affirmative defense, the plaintiff's claims must fail since the plaintiff received payments he was not entitled to given that he did not have the required qualifications for the job.

## TWENTY-THIRD DEFENSE

By way of affirmative defense, the defendant states that the plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, cannot recover in this action.

## TWENTY-FOURTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is unable to recover since he is unable to show that he incurred actual damages.

## TWENTY-FIFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since he cannot show that anything the defendant did or failed to do caused him damages.

716181v.1

## TWENTY-SIXTH DEFENSE

By way of affirmative defense, the defendant says that the interest rate set by M.G.L. Ch. 231, §6B and M.G.L. Ch. 235, §8 is unconstitutional as applied.

## TWENTY-SEVENTH DEFENSE

By way of affirmative defense, the defendant states that Sharyn Riley is not a proper party since she is not the person who issues payment of wages and benefits.

## TWENTY-EIGHTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff cannot recover because he has unclean hands.

## TWENTY-NINTH DEFENSE

By way of affirmative defense, the defendant states that in the event that the plaintiff prevails, any award to the plaintiff must be net of taxes.

## THIRTIETH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim for retaliation must fail because he was not subjected to adverse employment action or motives because of any protected activity.

## THIRTY-FIRST DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's retaliation claim must fail since there is no proximity to the date of the plaintiff's alleged protected conduct and the alleged adverse action taken against the plaintiff.

716181v.1

## THIRTY-SECOND DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims of retaliation must fail since the actions taken by the defendant were based on legitimate business reasons and the alleged acts of retaliation have no proximity to the plaintiff's alleged protected conduct.

## THIRTY-THIRD DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim(s) may be preempted by the Fair Labor Standards Act.

## THIRTY-FOURTH DEFENSE

By way of affirmative defense, the plaintiff cannot bring a claim for failure to pay wages under G.L. c. 149, § 148 since he failed to satisfy the condition precedent contained in G.L. c. 149, § 150 in that he failed to first file a complaint with the Massachusetts Attorney General.

## THIRTY-FIFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's whistle blower protection claim must fail because the plaintiff has failed to satisfy the requirements of M.G.L. c. 149, § 185.

## THIRTY-SIXTH DEFENSE

By way of affirmative defense, the defendant states the plaintiff's claim under M.G.L. c. 149 must fail since the plaintiff failed to provide the written notice required by M.G.L. c. 149, §185 and no exceptions apply.

## THIRTY-SEVENTH DEFENSE

By way of affirmative defense, the defendant states the plaintiff's claim under M.G.L. c. 149 must fail since the defendant did not take any retaliatory action against the plaintiff.

### THIRTY-EIGHTH DEFENSE

By way of affirmative defense, the defendant states that plaintiff's claim, pursuant to M.G.L. c. 149, is without basis in law or in fact and, therefore, the defendant will pursue reasonable attorney's fees and court costs.  c. 149, § 185(e)

### THIRTY-NINTH DEFENSE

By filing a claim under c. 149, plaintiff has waived all rights and remedies available to him under statutory and common law arising out of the retaliation action.  M.G.L. c. 149, §185(f).

### FORTIETH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's failure to pay wages claim under *G.L. c. 149, § 148* provides the exclusive remedy for payment of wage claims.

### FORTY-FIRST DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim of breach of contract must fail pursuant to G.L. c. 259, the statute of frauds.

### FORTY-SECOND DEFENSE

By way of affirmative defense, the defendant states the plaintiff's claim must fail because he has not opposed any practice made an unlawful employment practice.

### FORTY-THIRD DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has never been subjected to an adverse employment action.  Rather, his contract was not renewed when it expired.

### FORTY-FOURTH DEFENSE

By way of affirmative defense, the defendant states that there was no new binding enforceable contract entered into between the plaintiff and the defendant when the original contract expired on June 30, 2018.

### FORTY-FIFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail as anything that occurred between the plaintiff and the Town of Southwick had no bearing on the actions of the defendant.

### JURY DEMAND

The defendant, Sharyn Riley, demands a trial by jury on all issues.

Respectfully submitted,

The Defendant,
SHARYN RILEY

By Her Attorneys,

/s/ *Carole Sakowski Lynch*
Carole Sakowski Lynch, BBO #547718
clynch@morrisonmahoney.com
MORRISON MAHONEY LLP
1500 Main Street, Suite 2400
Post Office Box 15387
Springfield, MA 01115-5387
Phone:    413-737-4373
Fax:       413-739-3125

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 30, 2019.

/s/ *Carole Sakowski Lynch*
Carole Sakowski Lynch

716181v.1